**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

| | | |
|---|---|---|
| KEVIN MCGOVERN | : | |
| 1234 Prospect Avenue | : | |
| Scranton, PA 18505 | : | Civil Action No.: _____ |
| | : | |
| individually and on behalf of all others | : | |
| similarly situated, | : | **Jury Trial Demanded** |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BURGIT'S ELECTRIC CITY TAXI, INC. | : | |
| 340 East Locust Street | : | |
| Scranton, PA 18505 | : | |
| | : | |
| Defendant. | : | |

---------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Kevin McGovern ("Plaintiff"), individually and on behalf of all other similarly situated employees of Burgit's Electric City Taxi, Inc. ("Defendant"), by and through his undersigned counsel, brings this Collective and Class Action Complaint ("Complaint") against Defendant and alleges, upon personal belief as to him and his own acts, and as for all other matters upon information and belief, as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this Complaint on behalf of himself and others similarly situated contending that Defendant failed to pay Plaintiff and Class Plaintiffs the mandated minimum wage for all hours worked per workweek and unlawfully retained tips earned by Plaintiff and Class Plaintiffs in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*

2.      As a result of Defendant's improper and willful failure to pay its Drivers in accordance with the requirements of the FLSA and PMWA, Plaintiff and others similarly situated have suffered damages.

3.      Plaintiff brings this action for monetary damages, declaratory and injunctive relief, and other equitable and ancillary relief, to seek redress for Defendant's willful, unlawful, and improper conduct.

## PARTIES

4.      Paragraphs 1 through 3 are hereby incorporated by reference as though the same were fully set forth at length herein.

5.      Plaintiff Kevin McGovern is a citizen of the United States and Pennsylvania, and currently maintains a residence at 1234 Prospect Avenue, Scranton, PA 18505.

6.      "Class Plaintiffs" are the individuals who file "opt-in" consent forms with the Court.

7.      Defendant Burgit's Electric City Taxi, Inc. is a for-profit corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, where it maintains a business address at 340 East Locust Street, Scranton, PA 18505.

8.      Defendant is a "private employer" and covered by the FLSA and the PMWA.

9.      Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendant during all relevant times hereto and, as such, are employees entitled to the protections of the FLSA and the PMWA.

10.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

2

**JURISDICTION AND VENUE**

11.     This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  <u>See</u> 29 U.S.C. § 216(b).

12.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims.

13.     The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant's principal place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     This action is brought as a collective action to recover unpaid minimum wages, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

16.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Driver, or in positions with substantially similar job duties, who were denied minimum wages and unlawfully denied tips as a result of Defendant's unlawful tip pool and tip retention practices (the members of the putative class are hereinafter referred to as the "Class Plaintiffs"). Specifically, upon information and belief, Defendant maintained an unlawful policy and practice of retaining Class Plaintiffs' tips and requiring them to share the tips with employees, such as Dispatchers, who do not customarily and regularly receive tips.

17.     Upon information and belief, Plaintiff estimates that there are at least fifteen (15) other similarly situated Drivers who either were or are working for Defendant during the past three (3) years and were unlawfully denied minimum wages and tips as a result of the unlawful practices described above. The precise number of employees can be easily ascertained by Defendant. These employees can be identified and located using Defendant's payroll and personnel records. Potential Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail, electronic mail, and/or publication.

18.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly situated. Plaintiff and Class Plaintiffs were similarly denied minimum wages for all hours worked in a workweek and tips as a result of Defendant's unlawful tip pool practices, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.

19.     Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

20.     Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth at length herein.

21.     Plaintiff brings this action individually, and on behalf of all other similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure, who were employed by Defendant in the position of Driver in the Commonwealth of Pennsylvania during the last three

(3) years and who were denied minimum wages for all hours worked in a workweek and/or tips as a result of Defendant's unlawful tip pool practices.

22.     The class is so numerous that joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail, electronic mail, and publication.

23.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.      Whether Defendant failed to pay Plaintiff and the Class minimum wage in the period when said wages became due and owing in violation of the FLSA and PMWA;

B.      Whether Defendant maintained an unlawful tip pool under the FLSA and PMWA;

C.      Whether Defendant improperly retained tips which were rightfully earned and which are due and owing to Plaintiff and the Class within the meaning of the FLSA and PMWA;

D.      Whether Defendant failed to accurately track and maintain records of the hours worked by Plaintiff and the Class; and

E.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

24.     Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendant who was employed in the position of Driver who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay

minimum wages, unlawful tip pool, and tip retention practices. Defendant's conduct of violating the FLSA and PMWA has affected Plaintiff and the Class in the exact same way.

25.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

26.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

27.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay minimum wages and unlawfully withholding tips when they became due and owing in violation of the FLSA and PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and,

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness, and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

28.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

29.     Paragraphs 1 through 28 are hereby incorporated by reference as though fully set forth at length herein.

30.     Plaintiff first began his employment with Defendant on or about May 2017, when he was hired as a Driver.

31.     Plaintiff was employed by Defendant as a Driver from in or around May 2017 until in or around December 28, 2020.

32.     Upon information and belief, during the past three (3) years, Defendant has employed at least fifteen (15) individuals in the position of Driver.

33.     Plaintiff, along with Defendant's other Drivers, were/are primarily responsible for transporting customers to specified locations.

34.     Plaintiff, and upon information and belief Class Plaintiffs, have traveled interstate while transporting customers. For example, Plaintiff and Class Plaintiffs have transported customers to John F. Kennedy airport in Queens, New York.

35.     Plaintiff typically worked five (5) to six (6) days per week and worked approximately sixty (60) to seventy (70) hours per workweek.

36.     By way of example, upon information and belief during the week of November 9, 2020, Plaintiff worked approximately seventy (70) hours.

37.     During the course of his employment, Defendant did not pay Plaintiff an hourly wage for his hours worked.

38.     Instead, irrespective of the number of hours worked, Plaintiff was paid a day rate of $75 per shift, plus tips.

39.     Due to Defendant's commission structure and amount of hours worked by Plaintiff each workweek, Plaintiff's compensation amounts to six dollars and twenty-five cents ($6.25) per hour.

40.     Upon information and belief, in choosing to pay Plaintiff $6.25 per hour, which is $1.00 less than the standard minimum wage (i.e., $7.25) otherwise required to be paid to non-exempt employees under the FLSA and PMWA, Defendant purported to utilize a tip pool and tip credit in order to satisfy their obligations to pay minimum wage compensation.

41.     However, notwithstanding Defendant's purported attempt to claim a tip pool and tip credit under the FLSA and PMWA, Defendant maintained a policy and practice of withholding a percentage of Plaintiff's tips to unlawfully share them with traditionally non-tipped employees.

42.    For example, Defendant would take approximately 5% of Plaintiff's earned tips each shift worked, and would use said tips to compensate employees who are not customarily tipped, such as Dispatchers.

43.    Upon information and belief, Dispatchers neither serve nor interact with Defendant's customers.

44.    Upon information and belief, throughout the entirety of Plaintiff's work relationship with Defendant, Defendant unlawfully retained Plaintiff's tips and required the tips to be shared with Defendant's Dispatchers, who, as described above, do not serve or otherwise interact with Defendant's customers, and as such, are not the type of employees who customarily and regularly receive tips within the meaning of the FLSA and PMWA.

45.    In addition to sharing tips with employees who do not customarily and regularly receive tips as described above, Defendant also failed to provide Plaintiff with notice of Defendant's above attempted tip pool and tip credit arrangement as required under the FLSA and PMWA.

46.    As such, Defendant cannot rely on the purported tip pool and tip credit to satisfy their obligation to compensate their Drivers minimum wage for all hours worked in a workweek.

47.    Accordingly, Defendant failed to pay Plaintiff the required minimum wage of $7.25 as mandated by the FLSA and PMWA.

48.    Upon information and belief, Class Plaintiffs worked similar hours, were not compensated minimum wage, and also were forced to have their tips unlawfully retained and given to Defendant's Dispatchers.

49.    The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

50.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages, including, but not limited to economic damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

51.     Paragraphs 1 through 50 are hereby incorporated by reference as though the same were fully set forth at length herein.

52.     Pursuant to Section 206(b) of the FLSA, all non-exempt employees must be compensated at a rate not less than the minimum wage for every hour worked in a workweek.

53.     Although Defendant may utilize a tip pool and tip credit to satisfy their minimum wage obligations to Drivers, they forfeit the right to do so when they require Drivers to share tips with other employees who do not "customarily and regularly receive tips."

54.     By requiring Plaintiff and Class Plaintiffs to share their earned tips with Dispatchers, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage requirements to Plaintiff and Class Plaintiffs. As such, Defendant has violated the FLSA's minimum wage mandate by paying Plaintiff and Class Plaintiffs at an hourly rate of $6.25 rather than the required $7.25.

55.     Moreover, Defendant failed to satisfy the requirements of the FLSA with respect to providing employees with advance notice of its intention to take a tip credit under the FLSA, and is thus not eligible to claim any tip credit for the hours worked by Plaintiff and Class Plaintiffs. See 29 C.F.R. § 531.59(b).

56.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

57.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

58.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendant during the preceding three (3) years in the position of Driver and/or in positions with similar job duties, and authorizing Class Plaintiffs' counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid minimum wage as required by the FLSA;

C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendant violated the FLSA by maintaining an unlawful tip pool, unlawfully retaining tips earned by Plaintiff and

Class Plaintiffs, and by failing to pay the standard minimum wage to Plaintiff and Class Plaintiffs for all hours worked in the workweek;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff and Class Plaintiffs reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

59.     Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

60.     The Pennsylvania Minimum Wage Act ("PMWA") provides that employers must pay certain "minimum wages" to its employees. See 43 P.S. § 333.113.

61. By its actions alleged above, Defendant has violated the provisions of the PMWA by failing to properly pay minimum wages to Plaintiff and Class Plaintiffs for all hours worked and by maintaining an unlawful tip pool.

62. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs are/have been deprived of compensation in an amount to be determined at trial, and are entitled to recovery of such amount, together with interest, costs, and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff and Class Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant, and grant them the maximum relief allowed by law, including, but not limited to:

A. An Order certifying this case as a class action and designating Plaintiff as the class representative of the Class and his counsel as class counsel;

B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid minimum wages and unlawfully retained tips to which they are entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the PMWA; and

D. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:     */s/ Benjamin Salvina*
        Benjamin Salvina, Esq.
        Murphy Law Group, LLC
        Eight Penn Center, Suite 2000
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        bsalvina@phillyemploymentlawyer.com
        *Attorney for Plaintiff*

Dated: July 14, 2021

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation